# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1556V

| | |
|---|---|
| OLINDA GILMORE f/k/a OLINDA RAMIREZ,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: June 10, 2024 |

*Scot Tyler Scheuerman*, Scheuerman Law Firm, PLLC, San Antonio, TX, for Petitioner.

*Alexa Roggenkamp*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 8, 2021, Olinda Gilmore filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccination she received on October 6, 2020. Petition, ECF No. 1. On January 23, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 38.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $39,727.59 (representing $38,606.50 in fees plus $1,121.09 in costs). Application for Fees and Costs ("Motion") filed Feb. 12, 2024 (ECF No. 42). Furthermore, Petitioner filed a signed statement representing that she incurred no personal out-of-pocket expenses. ECF No. 35.

Respondent reacted to the motion on Feb. 16, 2024, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3 (ECF No. 43). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reason stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2023 are reasonable and consistent with our prior determinations and will therefore be adopted. Petitioner has also requested the hourly rate of $415 for 2024 (the same rate as awarded in 2023,) for work performed by attorney Scot Tyler Scheuerman. ECF No. 42-2 at 7. I find the requested rate to be reasonable and will award the attorney's fees requested.

However, the filed invoices reveal that approximately 10.40 hours were billed on tasks considered paralegal in nature.[3] Attorneys may be compensated for paralegal-level work, but "[t]asks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Human. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). Although these billing entries are reimbursable, they must be charged at a reduced rate comparable to that of a paralegal. **Accordingly, I reduce Mr. Scheuerman's rate for all tasks considered paralegal in nature to $172 per hour. This results in a reduction in the amount of fees to be awarded of $2,396.70**.[4]

Petitioner has provided supporting documentation for all claimed costs. ECF No. 42-4. I find the requested costs to be reasonable and Respondent offered no specific objection to the rates or amounts sought.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$37,330.89 (representing**

---

[3] Examples of such billing entries are as follows: 8.70 hours at the rate of $400 billed on 11/11/21: "Preparation of medical records request." 1/19/21; 1/20/21 (two entries); 1/21/21; 1/22/21; 1/25/21 (three entries); 2/24/21; 6/18/21 (three entries); 6/22/21: "TC from CVS Pharmacy legal department re: pharmacy records." 7/7/21: "Preparation of Petitioner's exhibit list & assemble exhibits." 8/23/21 (two entries); 11/15/21 (two entries); 11/29/21; 12/29/21; 1/14/22; 5/9/22; 6/2/22; 6/8/22. And 1.70 hours at the rate of $415 billed on 4/14/23; 4/24/23; 6/7/23; 6/26/23; 10/25/23. *See* ECF No. 42-2 at 1-7.

[4] This amount consists of: ($400 - $172 = $228 x 8.70 hrs.) + ($415 - $172 = $243 x 1.70 hrs.) = $2,396.70

**$36,209.80 in fees plus $1,121.09 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Scot Tyler Scheuerman.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.